IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                                                     **CAUSE NO. 1:18CR136-LG-RHW-1**

**MARK CLAYTON BOSARGE, JR.**

**ORDER DENYING MOTION TO REMOVE COMMUNITY CORRECTIONS PROGRAM FROM SPECIAL CONDITIONS OF SUPERVISED RELEASE**

On March 14, 2025, the Court entered a [49] Judgment on revocation requiring Mark Clayton Bosarge, Jr., to participate in a community correction program for six months as a special condition of supervised release. Bosarge has filed a [50] Motion asking the court to remove this condition so that he can care for his children and his ailing wife. After reviewing the Motion, the record in this matter, and the applicable law, the Court finds that Bosarge's Motion should be denied.

## BACKGROUND

Bosarge pled guilty to one count of possession of an unregistered destructive device in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871. On April 23, 2019, the Court sentenced Bosarge to serve sixty months in prison and to complete three years of supervised release. The Court also imposed a fine in the amount of $8,000.00 and an assessment in the amount of $100.00. On, May 8, 2023, Bosarge was released from prison, and he began serving his term of supervised release. The United States Probation Office filed a petition for revocation of Bosarge's supervised released on February 4, 2025, because he had committed eight violations of the

conditions of his release. For example, he failed to pay his fine. He was arrested by the Waveland Police Department on December 1, 2024, for possession of drug paraphernalia and other crimes. He also failed to report this arrest to the probation officer, failed to maintain employment, and failed to remain drug-free during supervision. On December 27, 2024, he provided a diluted urine sample, and on January 15, 2025, he "attempted to thwart drug testing by using a prosthetic penis." Petition [40] at 2. He was once again arrested by the Jackson County Sheriff's Office on February 1, 2025, for possession of drug paraphernalia.

The Court entered a [49] Judgment for Revocation of Supervised Release on March 14, 2025. The Court sentenced Bosarge to serve seven months in prison and eighteen months on supervised release. The Court required Bosarge to participate in a community correction program for six months as a special condition of supervision. Bosarge now asks the Court to remove this condition.

## DISCUSSION

"Community confinement may be imposed as a condition of . . . supervised release." U.S.S.G. 5F1.1. "'Community confinement' means residence in a community treatment center, halfway house, restitution center, mental health facility, alcohol or drug rehabilitation center, or other community facility; and participation in gainful employment, employment search efforts, community service, vocational training, treatment, educational programs, or similar facility-approved programs during non-residential hours." *Id.* cmt. n.1.

The United States Code permits courts to modify or reduce the conditions of supervised release "after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." 18 U.S.C. § 3583(e)(2). The relevant portions of Section 3553(a)(1) require the court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant" as well as "the need for the sentence imposed to afford adequate deterrence to criminal conduct[,] protect the public from further crimes of the defendant[,] and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. §3553(a)(1), (a)(2)(B–D). Other considerations include "the kinds of sentence and the sentencing range established for . . . the applicable category of offense," "any pertinent policy statement," "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," and "the need to provide restitution to any victims of the offense." 18 U.S.C. §3553(a)(4–7).

In this case, the Court imposed the community confinement condition on revocation because Bosarge did not have a fixed residence while on supervised release, and he had violated eight conditions of release. The Section 3553 factors do not support removal of the community confinement condition. First, Bosarge has failed to satisfy his conditions of release on at least two occasions. Second, Bosarge previously failed to comply with the requirement that he maintain employment during supervision. Community confinement will provide Bosarge resources and

opportunities to find employment. Third, at the time of sentencing, Bosarge reported that he did not have a physical address, and he admitted to a long history of drug addiction. While in community confinement, Bosarge will live in a stable environment where he can receive treatment for his drug addiction. Fourth, although Bosarge was only thirty years old when he was initially sentenced by this Court, he had a total criminal history score of six, in addition to four outstanding warrants for his arrest. As a result, the Court once again finds Bosarge should be required to spend six months in a community corrections program.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Mark Clayton Bosarge's [50] Motion to Remove Community Corrections Program from Special Conditions of Supervised Release is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 23rd day of September, 2025.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE